United States District Court
District of Maine

| ARRO AGRONICK | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-376-B-H |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION FOLLOWING 28 U.S.C. § 1915(e)(2) SCREENING**

On September 3, 2010, Arro Agronick filed a civil action pursuant to 18 U.S.C.§ 241 and § 245, apparently on a theory of a conspiracy to violate his rights.

On September 7, 2010, Agronick filed a motion to proceed in forma pauperis. This application indicates that he receives disability or workers compensation and has $100 on hand. I grant Agronick's motion to proceed without prepayment of the filing fee.

With regards to proceeding in forma pauperis, and as relevant to Agronick case, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). See also Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.")(citing Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984)).

In his two-page, typewritten complaint Agronick relates a history with several entities and individuals that commenced with his interactions at the University of Maine Farmington where he audited a course in organic chemistry and attended a math clinic last fall. According to Agronick this was the beginning of a sequence of events that apparently culminated with an FBI investigation of Agronick and Agronick's efforts to confront those responsible for the "false charges."

Because of Agronick's failure to identify in his uncaptioned letter-complaint a specific defendant or defendants, this case was docketed against the United States because he complained about his interactions with the FBI. Additionally, on his civil cover sheet, (Doc. No. 2) he indicated the basis of his claim of federal jurisdiction was that the United States government was a defendant. On his subsequently filed application to proceed in forma pauperis, Agronick lists his sole defendant as "The State of Maine." With regards to his intent to sue the State of Maine, Agronick seeks monetary damages which he intends to donate to the Salvation Army. The State of Maine is immune from such a suit. See Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Poirier v. Mass. Dept. of Corr., 558 F.3d 92, 97 (1st Cir. 2009). This action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## CONCLUSION

I now grant Agronick leave to proceed in forma pauperis and I recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(iii).

---

[1] Even if Agronick had named individuals as defendants the complaint would most likely be dismissed for failure to allege a "plausible suggestion of conspiracy." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 566 (2007). See also Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct 1937 (2009); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Purvis v. Ponte, 929 F.2d 822, 826-827 (1st Cir. 1991); Walton v. Walker, Civil No. 08-cv-486-MJR, 2009 WL 1470409, 2-4 (S.D.Ill. May 27, 2009).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 8, 2010